EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | Certiorari |
| Recurrido | |
| v. | 2015 TSPR 125 |
| Edwin Méndez Pérez | 193 DPR ____ |
| Peticionario | |

Número del Caso: CC-2015-448

Fecha: 17 de septiembre de 2015

Tribunal de Apelaciones:

Región Judicial de Caguas

Abogado de la Parte Peticionaria:

Lcdo. Víctor A. Meléndez Lugo
Sociedad para Asistencia Legal

Oficina de la Procuradora General:

Lcda. Tanaira Padilla Rodríguez
Subprocuradora General

Lcda. Lisa M. Durán Ortiz
Procuradora General Auxiliar

Materia: Derecho Constitucional y Procedimiento Criminal –
Aplicación de la Regla 182 de Procedimiento Criminal y el Artículo
68(a) del Código Penal en aquellos casos en los que un acusado
sumariado fue declarado no procesable.

Este documento constituye un documento oficial del Tribunal Supremo
que está sujeto a los cambios y correcciones del proceso de
compilación y publicación oficial de las decisiones del Tribunal. Su
distribución electrónica se hace como un servicio público a la
comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido


    v.                          CC-2015-448


    Edwin Méndez Pérez

      Peticionario


Opinión del Tribunal emitida por la Jueza Asociada ORONOZ RODRÍGUEZ
(Regla 50)


En San Juan, Puerto Rico, a 17 de septiembre de 2015.

En esta ocasión nos corresponde resolver si el periodo de tiempo que una persona acusada estuvo no procesable -por motivo de no comprender la naturaleza de los procedimientos en su contra- debe descontarse de la pena impuesta mediante sentencia una vez la persona acusada advino procesable y se reanudaron los procedimientos. Por las razones que se ofrecen a continuación contestamos afirmativamente dicha pregunta y resolvemos que un acusado sumariado que es declarado no procesable continúa estando privado de su libertad para efecto de la Regla 182 de Procedimiento Criminal y del

Artículo 68(a) del Código Penal, disposiciones que reglamentan el tiempo a abonarse a la sentencia en un caso como el de autos.

I

El 12 de mayo de 2014, al Sr. Edwin Méndez Pérez (peticionario) se le encontró causa para arresto por infracción al Artículo 58 de la Ley Núm. 246-2011, conocida como Ley para la Seguridad, Bienestar y Protección de Menores (Ley Núm. 246), el cual está catalogado como un delito grave. 8 LPRA sec. 1174. En la misma fecha el peticionario fue puesto en detención preventiva pues no pagó la fianza impuesta.

El 27 de mayo de 2014, su abogada le informó al Tribunal de Primera Instancia que el peticionario parecía no entender los procedimientos en su contra "por razón de defecto y/o condición mental".[1] A raíz de ello, en esa misma fecha el juez suspendió los procedimientos y citó a las partes a una vista al amparo de la Regla 240 de Procedimiento Criminal, 34 LPRA Ap. II. R. 240, a celebrarse el 11 de junio de 2014 y en la que se determinaría la capacidad del peticionario para encarar el procedimiento penal.

No obstante, la vista no se llevó a cabo pues el Departamento de Corrección y Rehabilitación no transportó al peticionario al hospital de psiquiatría para una evaluación previa. Por las mismas razones, otra vista

---

[1] Resolución y orden, pág. 19 del Apéndice.

pautada para el 9 de julio de 2014 tampoco pudo efectuarse. Finalmente, el 13 de agosto de 2014 tuvo lugar la vista, en la cual, luego del testimonio del perito psiquiatra nombrado por el tribunal, se determinó que el peticionario se encontraba no procesable. Allí, el juez de instancia ordenó "el traslado del confinado a Psiquiatría Forense de Río Piedras tan pronto haya una cama disponible".[2]

En los meses que siguieron, el Tribunal de Primera Instancia citó a las partes a varias vistas de seguimiento. Algunas de éstas se pospusieron porque el Departamento de Corrección y Rehabilitación no llevó al peticionario a la evaluación previa; otras sí se efectuaron y en ellas se concluyó que el peticionario continuaba no procesable.

En la vista de seguimiento que tuvo lugar el 17 de febrero de 2015, luego de las correspondientes evaluaciones, se determinó que el peticionario ya se encontraba mentalmente capacitado para enfrentar el proceso. De manera que el 18 de marzo de 2015 se realizó la vista preliminar y se encontró causa para acusar por infracción al Artículo 58 de la Ley Núm. 246, supra. Las partes fueron citadas para el 26 de marzo de 2015, fecha en que tendría lugar la lectura de acusación y el juicio en su fondo.

---

[2] El expediente judicial a nuestra disposición no nos permite determinar concluyentemente si el señor Méndez Pérez fue internado por algún periodo de tiempo en la referida institución. Sin embargo, como se verá, ello no nos impide resolver la controversia.

Sin embargo, el 26 de marzo de 2015 el Ministerio Público le informó al tribunal que había llegado a un acuerdo con el peticionario para que la denuncia fuera reclasificada a los efectos de imputar violación al Artículo 136 del Código Penal del 2012, 33 LPRA sec. 5197, -el cual es un delito menos grave, con pena máxima de seis meses de cárcel- en lugar del Artículo 58 de la Ley Núm. 246, supra. A cambio de ello, el peticionario haría alegación de culpabilidad por violación al referido Artículo 136 del Código Penal, supra. Luego de los trámites de rigor, el tribunal aceptó el acuerdo y ordenó enmendar el pliego acusatorio.

Acto seguido, el juez declaró culpable al peticionario por el Artículo 136 del Código Penal, supra, y lo sentenció a seis meses de cárcel. Utilizando el análisis que pautó este Tribunal en Pueblo v. Pagán Medina, 178 DPR 228 (2010), caso que versaba sobre la manera de calcular el término máximo de seis meses de detención preventiva cuando el acusado está no procesable, el juez procedió a descontar de la sentencia el término de un mes y veinte días por motivo del tiempo que el peticionario había estado "en preventiva".[3] Esto es, solamente contó  del 12 de mayo de 2014 -cuando fue detenido por no pagar fianza- hasta el 25 de mayo de 2014 y del 17 de febrero de 2015 - cuando se concluyó que ya se encontraba procesable- hasta el 26 de marzo de 2015, fecha en que dictó sentencia. Así

---

[3] Sentencia nunc pro tunc, pág. 34 del Apéndice.

pues, no consideró el periodo en el que el peticionario había estado no procesable, desde el 27 de mayo de 2014 hasta el 17 de febrero de 2015.

Oportunamente, la representación legal del peticionario solicitó reconsideración y alegó que éste había cumplido en exceso de la pena impuesta, pues llevaba en prisión desde el 12 de mayo de 2014 y por tanto -en atención a la Regla 182 de Procedimiento Criminal, 34 LPRA Ap. II, R. 182, y al Artículo 68(a) del Código Penal del 2012, 33 LPRA sec. 5101- se le debía abonar a la sentencia todo ese tiempo. La reconsideración fue declarada sin lugar.

El peticionario recurrió al Tribunal de Apelaciones y reiteró su planteamiento. El Ministerio Público, representado por la Oficina de la Procuradora General, presentó un escrito en el cual, luego de exponer el derecho aplicable, concluyó: "tomando en cuenta las circunstancias particulares de este caso, no nos oponemos a la solicitud del peticionario".[4]

El 27 de mayo de 2015, notificado el 28 de mayo, el Tribunal de Apelaciones dictó sentencia modificando la decisión del Tribunal de Primera Instancia a los únicos efectos de descontar dos días adicionales de la sentencia.[5]

---

[4] Escrito en cumplimiento de orden, pág. 46 del Apéndice.
[5] El Tribunal de Apelaciones concluyó que el Tribunal de Primera Instancia había calculado mal el tiempo de detención preventiva, pues contó desde el 12 de mayo de 2014 hasta el 25 de mayo de 2014, cuando realmente no fue hasta el 27 de mayo de 2014 que el juez suspendió los procedimientos por entender que el peticionario se encontraba no procesable.

En todo lo demás, el foro intermedio confirmó al de primera instancia.[6]

Inconforme con esta determinación, el 2 de junio de 2015 el peticionario presentó ante este Tribunal una *Petición de Certiorari* y señaló como único error:

Erró el honorable Tribunal de Apelaciones al confirmar una sentencia del tribunal de instancia que dispone que no se abone al cumplimiento de la sentencia del peticionario la totalidad del tiempo en que éste estuvo privado de su libertad, contrario a lo dispuesto por el estado de derecho vigente.[7]

En la misma fecha, el peticionario también presentó una *Moción en Solicitud de Orden Provisional en Auxilio de Jurisdicción*. En ésta nos solicitó que, en vista de que había estado sumariado por un periodo de tiempo mayor al de la pena impuesta, ordenáramos su excarcelación mientras atendíamos el recurso de *certiorari*. El 5 de junio de 2015, declaramos con lugar la *Moción en Solicitud de Orden Provisional en Auxilio de Jurisdicción* y ordenamos la excarcelación sujeto a ciertas restricciones que estarían en vigor hasta que dispusiéramos finalmente de la controversia.

---

[6] Al igual que el Tribunal de Primera Instancia, el Tribunal de Apelaciones fundamentó su decisión en el análisis llevado a cabo por este Tribunal en el caso de <u>Pueblo v. Pagán Medina</u>, 178 DPR 228 (2010).

[7] Petición de *Certiorari*, pág. 7.

Al amparo de la Regla 50 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 50, procedemos a expedir el recurso de *certiorari* y resolver la presente controversia.[8]

II

A.

La Sección 11 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico, Const. PR, Art. II, Sec. 11, establece, en lo pertinente: "la detención preventiva antes del juicio no excederá de seis meses". Este Tribunal ha expresado anteriormente que el término "detención preventiva" se refiere al periodo anterior al juicio en el cual el acusado se encuentra sumariado debido a que no prestó fianza. Ruiz v. Alcaide, 155 DPR 492, 503 (2001); Pueblo v. González Vega, 147 DPR 692, 701 (1999). La referida disposición constitucional dispone, pues, que el juicio contra el acusado detenido preventivamente debe comenzar no más tarde de seis meses o, de lo contrario, el acusado será puesto en libertad sin que ello implique la desestimación de la causa. E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Ed. Forum, Bogotá, 1995, Vol. II, págs. 333-334.

La detención preventiva que no excede de seis meses forma parte de las garantías sobre juicio rápido que

---

[8] Dado que el Ministerio Público se allanó a la solicitud del peticionario ante el Tribunal de Apelaciones, en aras de agilizar el trámite ante nos hemos prescindido de requerir su alegato según nos lo permite la Regla 50 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 50.

reconoce nuestro ordenamiento. <u>Pueblo v. Torres Rodríguez</u>, 186 DPR 183, 191 (2012). Ésta pretende desincentivar la dilación y promover que el Ministerio Público actúe diligentemente, limitando su autoridad para mantener bajo custodia indefinida a un acusado que no pagó fianza y que se presume inocente hasta que se pruebe lo contrario. <u>Íd</u>; <u>Pueblo v. Alcaide</u>, <u>supra</u>, en la pág. 503; O.E. Resumil, <u>Derecho Procesal Penal</u>, New Hampshire, Ed. Butterworth, 1993, T. 2, Sec. 25.4(a), pág. 248.

En <u>Pueblo v. Pagán Medina</u>, <u>supra</u>, interpretamos la relación entre esta garantía constitucional y la Regla 240 de Procedimiento Criminal, <u>supra</u>, la cual versa sobre el procedimiento a seguir cuando se cuestiona si un acusado se encuentra mentalmente capacitado para encarar el procedimiento penal en su contra. En <u>Pueblo v. Pagán Medina</u>, <u>supra</u>, en la pág. 244, dijimos que el término durante el cual el imputado se encuentra no procesable debe excluirse de los seis meses que tiene el Estado para dar comienzo al juicio. Establecimos que dicho término se cuenta desde que el juez tiene base razonable[9] para dudar de la capacidad mental del acusado; ello a pesar de que dicha determinación inicial se debe confirmar en una vista posterior con la ayuda de peritos, así como de otra evidencia. <u>Íd.</u>, en la pág. 246. El fundamento detrás de esa conclusión es que el procedimiento contra el acusado

[9] Con posterioridad a la decisión en el caso de <u>Pueblo v. Pagán Medina</u>, 178 DPR 228 (2010), la Regla 240 de Procedimiento Criminal, 34 LPRA Ap. II, R. 240, se enmendó a los efectos de modificar el estándar de *base razonable* por el de *preponderancia de la prueba*.

se suspende desde que el juez hace la determinación de base razonable y, por lo tanto, el Ministerio Público está impedido de actuar. Íd., en la pág. 243. Un término de juicio rápido no debe, pues, operar contra el Ministerio Público cuando éste se halla incapacitado para actuar.[10]

B.

Nuestro ordenamiento también reconoce que una persona convicta no debe permanecer privada de su libertad más tiempo del que se disponga en la sentencia. Este principio se articula principalmente a través de dos disposiciones legales: la Regla 182 de Procedimiento Criminal, supra, y el Artículo 68 del Código Penal de 2012, supra. La primera de éstas establece:

> El tiempo que hubiere permanecido privada de su libertad cualquier persona acusada de haber cometido cualquier delito público se descontará totalmente del término que deba cumplir dicha persona de ser sentenciada por los mismos hechos por los cuales hubiere sufrido dicha privación de libertad. 34 LPRA Ap. II, R. 182.

Asimismo, y en lo pertinente, el Artículo 68(a) del Código Penal, supra, dispone:

> A la persona convicta de delito se le abonarán los términos de detención o reclusión que hubiera cumplido, en la forma siguiente:
>
> (a) El tiempo de reclusión cumplido por cualquier convicto desde su detención y hasta que la sentencia haya quedado firme, se abonará

---

[10] "Mientras el imputado, en quien se ha encontrado 'base razonable' para ordenar la evaluación de su condición mental, se encuentre en espera de tal evaluación, el Ministerio Público se encuentra, a su vez, legal y constitucionalmente vedado –'con las manos atadas'– de proseguir con el procedimiento criminal que tiene el deber de ejecutar". Pueblo v. Pagán Medina, 178 DPR 228, 243 (2010).

en su totalidad para el cumplimiento de la pena, cualquiera que sea ésta.

Anteriormente hemos dicho que ambas disposiciones deben interpretarse en conjunto. Pueblo v. Contreras Severino, 185 DPR 646, 657 (2012) (citando con aprobación el *Informe de Reglas de Procedimiento Penal* del Secretariado de la Conferencia Judicial y Notarial, Tribunal Supremo de Puerto Rico, 2008). Así, para que aplique la bonificación que disponen la Regla 182 de Procedimiento Criminal, supra, y el Artículo 68(a) del Código Penal, supra, "hace falta que [al imputado] se le prive de su libertad, se le acuse y, posteriormente, se le ingrese para cumplir una sentencia por los mismos hechos por los que se le detuvo en primera instancia". Pueblo v. Contreras Severino, supra, en la pág. 657. Por su parte, la profesora Dora Nevares Muñiz ha expresado que el Artículo 68, supra, "provee para el abono de la pena de los días en que la persona estuvo recluida previo a que su sentencia fuera firme o bajo alguna medida de restricción de libertad anulada o revocada". D. Nevares Muñiz, Derecho penal puertorriqueño: parte general, 7ma ed. rev., San Juan, Inst. para el Desarrollo del Derecho, Inc., 2015, pág. 383.

Así pues, al considerar el propósito y el efecto de disposiciones como la Regla 182 de Procedimiento Criminal, supra, y el Artículo 68(a) del Código Penal, supra, surge diáfanamente que ambas giran alrededor del hecho de la

privación de libertad que sufre el acusado durante el curso del procedimiento penal. Pueblo v. Contreras Severino, supra, en la pág. 657. Reconociendo estas circunstancias y basándose en el valor que en nuestro ordenamiento jurídico tiene la libertad del individuo, ambas disposiciones ordenan que el tiempo que una persona acusada permanezca privada de su libertad, pendiente la conclusión del proceso en su contra, se abone a la pena impuesta mediante sentencia por los mismos hechos.

Al aplicar la Regla 182 de Procedimiento Criminal, supra, y el Artículo 68(a) del Código Penal, supra, en circunstancias como la de autos, los tribunales no pueden emplear el mismo análisis utilizado en Pueblo v. Pagán Medina, supra, pues éste fue pensado para algo distinto; esto es, para calcular el tiempo a excluirse del cómputo del término máximo de seis meses de detención preventiva. El razonamiento en dicho caso no reparó (no tenía por qué hacerlo) en el hecho per se de si el allí imputado continuó estando privado de su libertad luego de que se encontró base razonable para dudar de su capacidad mental para enfrentar el juicio. Por el contrario, lo decisivo en Pueblo v. Pagán Medina, supra, fue precisar el momento en que, por motivo de la determinación de base razonable, los procedimientos quedaron suspendidos y por tanto el término de seis meses de detención preventiva antes del juicio dejó de transcurrir en contra del Ministerio Público. "Es desde ese momento [de la determinación de base razonable]

que el ciudadano no está sujeto a ser procesado, la privación de su libertad responde a otras razones y, por ende, no se encuentra bajo detención preventiva". Pueblo v. Pagán Medina, supra, en la pág. 244.

Por su parte, en el caso de la Regla 182 de Procedimiento Criminal, supra, y del Artículo 68(a) del Código Penal, supra, lo decisivo es el tiempo que una persona haya estado privada de su libertad desde el momento en que inició el procedimiento penal y hasta que se dictó la sentencia condenatoria. Ello, independientemente de si el procedimiento penal contra el acusado sumariado estuvo suspendido en algún momento por motivo de una determinación de no procesabilidad. Para propósitos de abonar a la sentencia el tiempo que estuvo detenido, lo determinante no es si el Ministerio Público se hallaba imposibilitado de actuar, sino la efectiva privación de libertad en la que se encontraba el acusado no procesable.

III

Por no prestar fianza, el peticionario fue puesto en detención preventiva el 12 de mayo de 2014. El 27 de mayo de 2014 el juez concluyó de manera preliminar que el peticionario se encontraba no procesable, por lo cual suspendió los procedimientos y citó a las partes a una vista según la Regla 240 de Procedimiento Criminal, supra. Debido a dilaciones atribuibles al Departamento de Corrección y Rehabilitación, dicha vista no se celebró

hasta el 13 de agosto de 2014, cuando se confirmó la determinación preliminar de que el peticionario se encontraba no procesable y se ordenó que fuera trasladado a Psiquiatría Forense de Río Piedras. El 17 de febrero de 2015, el tribunal concluyó que el peticionario se encontraba mentalmente capacitado para someterse al procedimiento penal, por lo cual el 26 de marzo de 2015 lo declaró culpable por infracción al Artículo 136 del Código Penal, supra, y lo sentenció a seis meses de cárcel.

Tras aplicar el análisis de este Tribunal en Pueblo v. Pagán Medina, supra, el juez de instancia descontó de la sentencia el término de un mes y veinte días en concepto de detención preventiva; esto es, desde el 12 de mayo de 2014 hasta el 25 de mayo de 2014 y desde el 17 de febrero de 2015 hasta el 26 de marzo de 2015. El Tribunal de Apelaciones confirmó por el mismo fundamento, pero modificó la sentencia para descontar dos días adicionales de la condena.

Como adelantáramos, erraron los tribunales recurridos al abonar solamente el tiempo que el peticionario estuvo en detención preventiva, obviando el hecho de que éste siguió privado de su libertad luego de que se suspendieran los procedimientos por razón de no ser procesable. Una persona acusada no deja de estar bajo la custodia y la jurisdicción del Estado por el hecho de no encontrarse procesable. Pueblo v. Pagán Medina, 175 DPR 557, 573 (2009); Ruiz v. Alcaide, supra, en la pág. 501; Chiesa

Aponte, *op. cit.*, Vol. III, págs. 362-363. Los cargos criminales continúan pendientes y la razón del tratamiento es que el acusado recupere la capacidad para que pueda ser sometido al proceso y juzgado.[11] Tampoco se trata en estos casos de un privilegio o de una decisión voluntaria; el juez, bajo fundamentos de debido proceso de ley, está obligado a suspender los procedimientos y ordenar el traslado para tratamiento. Ruiz v. Alcaide, supra, en la pág. 501; Chiesa Aponte, *op. cit.*, Vol. III, pág. 349. Es decir, a pesar del tratamiento clínico, el Estado continúa privando de su libertad al acusado de una manera coercitiva.

Por lo tanto, al momento de aplicar la Regla 182 de Procedimiento Criminal, supra, y el Artículo 68(a) del Código Penal, supra, para descontar de la sentencia el tiempo que el peticionario estuvo privado de su libertad, los foros recurridos debieron incluir el periodo en el cual el peticionario estuvo no procesable; periodo que comenzó el 27 de mayo de 2014 con la determinación preliminar de no procesabilidad y que culminó el 17 de febrero de 2015 cuando, luego de la evaluación y testimonio del perito, se pudo concluir que ya podía encarar el proceso en su contra. De haberlo hecho así,

---

[11] Claro, si después de un tiempo razonable bajo tratamiento el acusado continúa improcesable y no existe probabilidad sustancial de que ello vaya a cambiar, "se [le] debe liberar de la institución adecuada del Estado donde recibe tratamiento, salvo que estén presentes circunstancias fácticas que *señalen* que debe ser internado involuntariamente bajo dicho procedimiento de internación civil". Ruiz v. Alcaide, 155 DPR 492, 507 (2001) (énfasis en el original) (citas omitidas).

resultaba que el 26 de marzo de 2015, al dictarse la sentencia de seis meses de cárcel, ya el peticionario había cumplido la condena pues llevaba privado de su libertad desde que fue puesto en detención preventiva el 12 de mayo de 2014; es decir, desde hacía más de diez meses. Incidieron, pues, los foros recurridos al no dar por cumplida la sentencia desde el momento mismo en que ésta fue dictada.

IV

Por los fundamentos expuestos, revocamos la determinación del Tribunal de Apelaciones, así como la del Tribunal de Primera Instancia. Se confirma la orden de excarcelación dictada por este Tribunal el 5 de junio de 2015 y se ordena la eliminación de cualquier restricción de libertad impuesta en virtud de dicha orden.

Se dictará Sentencia de conformidad.

Maite D. Oronoz Rodríguez
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.                      CC-2015-448

Edwin Méndez Pérez

    Peticionario

SENTENCIA

En San Juan, Puerto Rico, a 17 de septiembre de 2015.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, revocamos la determinación del Tribunal de Apelaciones, así como la del Tribunal de Primera Instancia. Se confirma la orden de excarcelación dictada por este Tribunal el 5 de junio de 2015 y se ordena la eliminación de cualquier restricción de libertad impuesta en virtud de dicha orden.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Rivera García concurre con Opinión escrita a la cual se unió la Jueza Asociada señora Pabón Charneco. La Juez Asociada señora Rodríguez Rodríguez concurre sin Opinión escrita. El Juez Asociado señor Estrella Martínez emitió Opinión de Conformidad.

María I. Colón Falcón
Secretaria del Tribunal Supremo, Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Certiorari

El Pueblo de Puerto Rico

     Recurrido

        v.

    Edwin Méndez Pérez

     Peticionario

CC-2015-448

**Opinión Concurrente emitida por el Juez Asociado Señor Rivera García al que se une la Jueza Asociada Señora Pabón Charneco**

En San Juan, Puerto Rico, 17 de septiembre de 2015.

Concurro con el resultado alcanzado en la Opinión que antecede en la medida que *desde el momento* que el Sr. Edwin Méndez Pérez acudió en revisión ante este Tribunal, este ya había cumplido *en prisión* un periodo de tiempo mayor a la pena de seis meses impuesta por el Tribunal de Primera Instancia en su sentencia condenatoria. Por lo tanto, no hay duda de que debemos confirmar la orden de excarcelación dictada por esta Curia el 5 de junio de 2015 y ordenar la eliminación de cualquier restricción a la libertad impuesta por virtud de la referida orden.

Ahora bien, muy respetuosamente entiendo que este resultado debió emitirse en una Sentencia, no mediante una opinión del Tribunal, la cual establece un precedente normativo innecesario que carece de los hechos pertinentes y oportunos para su adopción. Nótese que hoy una mayoría de este Tribunal resuelve que el periodo que un acusado sumariado pasa internado en una institución psiquiátrica recibiendo tratamiento médico luego de una determinación de no procesabilidad debe descontarse de la sentencia que finalmente imponga el Tribunal. Esto por virtud de la Regla 182 de Procedimiento Criminal. (34 LPRA Ap. II, R. 240).

De esta manera, concluyen que estar internado en Psiquiatría Forense, por ejemplo, equivale a una privación de la libertad para efectos de la referida regla. Más allá del genuino debate que una afirmación como esa puede provocar – e independientemente del respetable criterio que tenga cada uno de mis compañeros y compañeras sobre el particular – el problema con esta interpretación extensiva de lo que constituye "privación a la libertad" es que del expediente _no_ surge que el señor Méndez Pérez fuera, en efecto, trasladado e ingresado a hospital psiquiátrico alguno. Véase, escolio 2 de la Opinión, pág. 3.

En ese contexto, una mayoría del Tribunal está adoptando una normativa concerniente al concepto de "privación a la libertad" y sus implicaciones frente a una reclusión en un hospital psiquiátrico, a pesar de que de los hechos del caso de epígrafe no surge que este fue ingresado en alguna institución de esta naturaleza. Por el contrario, lo que sí surge del expediente es que estuvo _en prisión en todo momento_ hasta el día que le dictaron

sentencia. De hecho, así lo reconoció el señor Méndez Pérez en sus respectivas comparecencias e, incluso, el propio Ministerio Público al allanarse a la solicitud de excarcelación presentada por este.

Así las cosas, el cuadro fáctico del presente caso se limita a una persona que fue ingresada en prisión por no pagar fianza y *permaneció en prisión* hasta el momento que se le dictó sentencia, independientemente de que hubo un periodo en que estuvo declarado no procesable. Al estar en prisión en todo momento, no hay duda de que procede abonarle ese periodo a la sentencia condenatoria dictada, según dispone claramente la Regla 182 de Procedimiento Criminal, supra. En ese sentido, no hay espacio para discutir qué implicaciones tiene para el abono en la sentencia el que una persona sumariada esté internada en una facilidad psiquiátrica recibiendo tratamiento médico. Eso es una discusión que en su momento debemos sostener, pero para la cual los hechos del presente caso no ofrecen el cuadro idóneo. Es por ello que en esta ocasión concurro con la Opinión que antecede.


                                          Edgardo Rivera García
                                          Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.                CC-2015-448     *Certiorari*

Edwin Méndez Pérez

    Peticionario

Opinión de conformidad emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 17 de septiembre de 2015.

Estoy conforme con la Opinión Mayoritaria que resuelve que el periodo en que un imputado de delito se encuentra no procesable debe descontarse de la condena impuesta. Entiendo que tanto la Regla 182 de Procedimiento Criminal, *infra*, como el Artículo 68(a) del Código Penal, *infra*, requieren que el tiempo que una persona hubiere permanecido privada de su libertad debe descontarse totalmente del término que debe cumplir en su sentencia.

Empero, por la importancia que reviste la norma que hoy adoptamos, procedo a abundar en torno a las consideraciones constitucionales que

obligan al legislador y las razones adicionales por las que estoy conforme con la Opinión que hoy emite este Tribunal.

I

En el caso ante nos, el 12 de mayo de 2014 se le encontró causa para arresto por la infracción a un delito grave al Sr. Edwin Méndez Pérez (Méndez Pérez). Desde esa fecha, el señor Méndez Pérez fue restringido de su libertad al no poder prestar la fianza impuesta. Posteriormente, el 27 de mayo de 2014 se advirtió de la posibilidad de que el imputado no fuera procesable, por lo que se comenzó el proceso dictado por la Regla 240 de Procedimiento Criminal, 34 LPRA Ap. II, R. 240. Sin embargo, luego de múltiples señalamientos, no fue hasta el 13 de agosto de 2014 que el Tribunal de Primera Instancia determinó que el señor Méndez Pérez no era procesable y ordenó su traslado a una institución psiquiátrica.[12] Finalmente, el 17 de febrero de 2015 se determinó que el señor Méndez Pérez era procesable.

Posterior a ello, el 26 de marzo de 2015 el Ministerio Público llegó a un acuerdo con el señor Méndez Pérez de imputar una violación por otro delito a cambio de su declaración de culpabilidad. Así las cosas, y en esa misma fecha, el Tribunal de Primera Instancia declaró culpable al peticionario y lo sentenció a seis meses de cárcel. Asimismo, el foro primario descontó de la referida sentencia el término de un mes y veinte días, a saber: del

---

[12]El retraso en la celebración de la vista de no procesabilidad se debió a que el Departamento de Corrección y Rehabilitación no realizó los trámites para la evaluación psiquiátrica previa del imputado.

12 de mayo de 2014 al 25 de mayo de 2014 (13 días)[13] y del 17 de febrero de 2015 hasta el 26 de marzo de 2015 (un mes y 7 días).[14]

Inconforme, el señor Méndez Pérez planteó que procedía descontar todo el tiempo que estuvo restringido de libertad sin considerar si ello fue por razón de su no procesabilidad. Con tal reclamo, acudió al Tribunal de Apelaciones. Por su parte, el Ministerio Público presentó un *Escrito de Cumplimiento de Orden* ante el Tribunal de Apelaciones en el que se allanó a la petición del señor Méndez Pérez al sostener que "el peticionario estuvo recluido en una institución penal al menos durante seis meses antes de que se le sentenciara. Es decir, el peticionario estuvo privado de su libertad al menos seis (6) meses".[15]

El foro apelativo intermedio no acogió el planteamiento del peticionario y optó por extender al abono de la sentencia la norma pautada en Pueblo v. Pagán Medina, 178 DPR 228 (2010) en cuanto a que no se utiliza para el cómputo de detención preventiva el tiempo que una persona no estuvo procesable. Asimismo, el referido foro extendió tal determinación al momento desde que existe base razonable para creer que el acusado estaba mentalmente

---

[13]Periodo desde que fue sumariado el señor Méndez Pérez hasta unos días antes de que se trajera a colación la posible no procesabilidad del imputado.

[14]Periodo que corresponde desde que fue hallado procesable nuevamente hasta dictada la sentencia.

[15]Véase, *Escrito en Cumplimiento de Orden*, Apéndice, pág. 57.

incapacitado, para fines de la controversia ante nos. Por tanto, sólo modificó la sentencia del Tribunal de Primera Instancia a los efectos de abonar dos días adicionales, por entender que se debía descontar desde el 12 de mayo de 2014 al **27 de mayo de 2014,** fecha en la que se advirtió "base razonable" sobre la posibilidad de no procesabilidad del imputado.

En desacuerdo, el señor Méndez Pérez acudió ante este Tribunal mediante el presente recurso y una solicitud provisional de auxilio de jurisdicción. En síntesis, reiteró su reclamo de que procedía que se descontara todo el tiempo que estuvo privado de su libertad, incluyendo aquel en el que no era procesable.

Este Tribunal mediante Resolución emitida el 5 de junio de 2015 declaró con lugar la solicitud provisional de auxilio de jurisdicción y ordenó la excarcelación del peticionario, sujeto a ciertas condiciones.

II

De entrada debemos señalar que aunque durante el proceso reseñado el Ministerio Público se allanó a la petición del señor Méndez Pérez, ello no tornó académica la controversia ante nuestra consideración.

Como es norma conocida, dentro de las doctrinas que autolimitan la intervención judicial está la de academicidad. Asoc. Fotoperiodistas v. Rivera Schatz, 180 DPR 920, 932 (2011). En este sentido, un caso es académico cuando no existe una controversia real, o cuando al dictarse una sentencia, por alguna razón ésta no tendría

efectos prácticos sobre la controversia existente, convirtiéndose en una opinión consultiva sobre asuntos abstractos. Íd., págs. 932-933; San Gerónimo Caribe Project v. ARPe, 174 DPR 640, 652 (2008).

No obstante, la norma jurídica ha reconocido una serie de excepciones a la doctrina de la academicidad que nos permiten la consideración de un caso que de otro modo, resultaría académico en cuanto a su resultado o efecto inmediato. PPD v. Gobernador I, 139 DPR 643, 676 (1995). Entre éstas se encuentra el hecho de que la controversia o polémica sea recurrente o susceptible de volver a ocurrir. Para ello debe existir una probabilidad de recurrencia, identidad entre las partes involucradas y la probabilidad de que el asunto sea capaz de evadir la revisión judicial. Véase, Asoc. Fotoperiodistas v. Rivera Schatz, *supra*, pág. 934 y casos allí citados.

Precisamente, en el caso ante nuestra consideración nos encontramos ante una situación capaz de repetirse nuevamente y en la que no existe una norma establecida que pueda ser aplicada de forma uniforme por los foros inferiores, por lo que nos corresponde expresarnos sobre el planteamiento sometido ante nuestra consideración, ya que aún cuando el Ministerio Público se allanó a lo peticionado, ello no fue avalado por los foros inferiores y es susceptible de volver a ocurrir. Por tanto resulta indispensable que este Tribunal se exprese a tales efectos de tal forma que exista una norma clara sobre cuánto se abona a la sentencia en casos de no procesabilidad. Véanse,

UPR v. Laborde Torres y Otros, 180 DPR 253, 281 (2010); Asoc. Fotoperiodistas v. Rivera Schatz, *supra*, pág. 933. Procedemos a ello.

III

Uno de los derechos fundamentales del ser humano es el derecho a su libertad. Tan es así, que la Constitución de Puerto Rico contiene varios incisos en los que se adelanta tal propósito. Entre ellos, el que se reconozca como "derecho fundamental del ser humano el derecho a la vida, a la libertad y al disfrute de la propiedad" así como el que "ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley". Art. II Sec. 7 de la Const. de Puerto Rico, LPRA, Tomo I, pág. 296 (2008). Igualmente, se reconoce que en los procesos criminales el acusado goza de la presunción de inocencia. Art. II Sec. 11 de la Const. de Puerto Rico, *supra*, pág. 343. Como consecuencia, se garantiza que éste "tendrá derecho a quedar en libertad bajo fianza antes de mediar un fallo condenatorio" y el que "la detención preventiva antes del juicio no excederá de seis meses". Íd.

Igualmente, nuestro ordenamiento constitucional y jurídico promueve la rehabilitación de las personas convictas de delito. De esta forma, nuestra Constitución consagra como principio "el tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Art. VI Sec. 19 de la Const. de Puerto Rico, *supra*, pág. 440. Véase, además, Plan de Reorganización del

Departamento de Corrección y Rehabilitación de 2011, 3 LPRA Ap. XVIII, *et seq*.

Ante tal realidad, se codifica un sistema de penas en nuestro ordenamiento jurídico y, en igual medida, se reconoce la importancia de que una persona convicta de delito no exceda la pena impuesta privada de su libertad. Es de tal envergadura este derecho que se establece que el tiempo que una persona ha estado privada de su libertad se descuenta de su sentencia.

A estos efectos, la Regla 182 de Procedimiento Criminal, 34 LPRA Ap. II, R. 182, dispone como sigue:

> El tiempo que hubiere permanecido **privada de su libertad** cualquier persona acusada de cometer cualquier delito público se **descontará totalmente del término que deba cumplir dicha persona de ser sentenciada por los mismos hechos por los cuales hubiera sufrido la privación de libertad.** (Énfasis suplido).

Por su parte, el Art. 68 del Código Penal de 2012, 33 LPRA sec. 5101 (Supl. 2014), dispone lo siguiente:

> A la persona convicta de delito se le abonarán los términos de detención o reclusión que hubiere cumplido, en la forma siguiente:
>
> (a) El tiempo de reclusión cumplido por cualquier convicto desde su detención y hasta que la sentencia haya quedado firme, se abonará en su totalidad para el cumplimiento de la pena, cualquiera que sea ésta.

Ambas disposiciones se interpretan conjuntamente. Pueblo v. Contreras Severino, 185 DPR 646, 657 (2012). Las antes transcritas disposiciones, son diáfanas al establecer que la privación de libertad de una persona por razón de los hechos que se le imputan en la comisión de un delito se abona desde su detención hasta que recae la sentencia en su

contra. _Íd._ Véase, además, _Pueblo v. Torres Rodríguez_, 186 DPR 183, 195 (2012). En otras palabras, la Regla 182 de Procedimiento Criminal y el Art. 68(a) del Código Penal de 2012 disponen que se le abone al convicto el tiempo que estuvo restringido de su libertad en espera de ser sentenciado por los mismos hechos por los cuales se privó de su libertad. _Íd._

En el caso de autos, la interrogante que suscita los hechos ante nuestra consideración es si la determinación de no procesabilidad constituye una privación de libertad que debe ser considerada al momento de determinar cuánto se debe descontar de la sentencia a cumplir por el convicto. Para ello debemos examinar nuestras expresiones sobre la no procesabilidad y sus efectos. Veamos.

IV

El término procesabilidad se refiere a si una persona tiene la capacidad mental para enfrentarse a la naturaleza de un procedimiento criminal en su contra. _Ruiz v. Alcaide_, 155 DPR 492, 499 (2001). Así, la no procesabilidad de un imputado de delito resulta de la incapacidad mental de éste al momento de encarar el proceso judicial en su contra. _Pueblo v. Santiago Torres_, 154 DPR 291, 300 (2001); _Pueblo v. Castillo Torres_, 107 DPR 551, 555 (1978). La importancia de que una persona entienda la naturaleza y propósito del procedimiento criminal que enfrenta radica en que no haya una violación al debido proceso de ley por su inhabilidad de defenderse adecuadamente. Véanse, _Pueblo v. Santiago Torres_, _supra_, págs. 301-302; E.L. Chiesa Aponte, _Derecho_

Procesal Penal de Puerto Rico y Estados Unidos, Colombia Ed. Forum, 1995, Vol. III, pág. 252. Es por ello que la Regla 240 de Procedimiento Criminal dispone que en ese instante, se suspenden los procedimientos y se señala una vista para determinar el estado mental del acusado. Véase Regla 240 de Procedimiento Criminal, 34 LPRA Ap. II, R. 240. En nuestro ordenamiento, "ninguna persona podrá ser juzgada, convicta o sentenciada por un delito mientras esté incapacitada". Regla 239 de Procedimiento Criminal, 34 LPRA Ap. II, R. 239.

Luego de los procedimientos, si el tribunal determina que el imputado no es procesable deberá ordenar su traslado a una institución para su tratamiento. Pueblo v. Santiago Torres, supra, pág. 301. Empero, durante el trámite posterior para evaluar si el imputado es procesable, no podemos olvidar que **éste permanece bajo la custodia del Estado**. Pueblo v. Pagán Medina, 175 DPR 557, 573 (2009). De hecho, uno de los efectos de la determinación de improcesabilidad conforme a lo dispuesto en la Regla 240 de Procedimiento Criminal, supra, es que "el acusado permanecerá bajo la jurisdicción del tribunal". Ruiz v. Alcaide, supra, pág. 501. Claro está, no se puede permitir una **reclusión** ad infinitum, por lo que en casos donde permanezca la incapacidad del imputado y no exista la probabilidad sustancial de que advenga a estar capaz mentalmente, "se debe **liberar** de la institución adecuada del Estado donde recibe tratamiento, salvo que estén presentes circunstancias fácticas que señalen que debe ser

internado involuntariamente bajo dicho procedimiento de internación civil". Íd., pág. 507.

Ahora bien, a la luz de lo expuesto este Tribunal ha resuelto cuál es el efecto de la determinación de no procesabilidad en cuanto al término de detención preventiva. En Pueblo v. Pagán Medina, *supra*, expresamos que el término de detención preventiva responde a un derecho constitucional arraigado en la presunción de inocencia que constituye un garante del derecho a un juicio rápido y a evitar un abuso de poder. Como consecuencia, una persona no debe estar más de seis meses detenida sin que se comience su juicio. No obstante, cuando el imputado de un delito no es procesable en virtud de la Regla 240 de Procedimiento Criminal, *supra*, no se puede aludir a que se encuentra detenido preventivamente, pues durante su reclusión no estaba en contemplación de juicio ni en espera de que se celebrara el proceso criminal en su contra. Ruiz v. Alcaide, *supra*. Así las cosas, pautamos que "al computar el término máximo de detención preventiva, debe excluirse, solamente el tiempo en el que el peticionario está efectivamente **recluido** en una institución adecuada para su tratamiento, por orden del tribunal". Énfasis nuestro. Pueblo v. Pagán Medina, *supra*, pág. 574. Ello, porque durante ese periodo el imputado no está sujeto a ser procesado, y por lo tanto **"la privación de su libertad** responde a otras razones y no está bajo detención preventiva". Énfasis nuestro. Íd. Posteriormente, aclaramos que el tiempo a excluirse del término de detención

preventiva comenzará a contarse a partir de que exista "base razonable" para creer que el acusado se encuentra mentalmente incapacitado. Pueblo v. Pagán Medina, 178 DPR 228, 233 (2010).

Tal análisis no puede extenderse automáticamente a las circunstancias ante nuestra consideración. Como bien se expone en la Opinión Mayoritaria, ese raciocinio no responde al fundamento de la Regla 182 de Procedimiento Criminal, *supra*, ni del Artículo 68(a) del Código Penal, *supra*. Éstas encuentran su cimiento en abonar el tiempo desde que una persona fue detenida y privada de su libertad hasta que se dicte sentencia por los mismos hechos imputados, es decir la "efectiva privación de libertad".[16] Por tanto, se debe abonar el "tiempo que el peticionario estuvo privado de su libertad".[17] Como expusimos, mientras la persona se encuentra no procesable está privada de su libertad y sujeta a la continuación del proceso penal en su contra.[18] Por ello, procede descontar de la pena a una persona sentenciada el tiempo que esté privada de su libertad.

---

[16]Véase, Opinión Mayoritaria, a la pág. 12.

[17]Íd., a la pág. 14.

[18]Para los efectos de qué sucede cuando la persona imputada se determina que no es procesable permanentemente, ésta debe ser liberada o proceder a su ingreso involuntario para tratamiento, conforme lo establecido en Ruiz v. Alcaide, 155 DPR 492 (2001).

V

Ante tal conclusión, en el caso de autos se debe considerar que el señor Méndez Pérez estaba restringido de su libertad desde que se determinó causa para arresto el 12 de mayo de 2014 hasta que se dictó su sentencia el 26 de marzo de 2015.[19] Como consecuencia, no debe existir duda de que a ese momento había sido privado de su libertad en exceso de la sentencia de seis meses que le fuera impuesta.

A mi juicio, y a los fines de cuánto se debe abonar a la sentencia impuesta, carece de importancia la fecha en la que existía "base razonable" para pensar que el señor Méndez Pérez no era procesable o desde cuándo estuvo en una institución psiquiátrica por razón de su no procesabilidad como razonaron los foros recurridos. Como expusimos, lo determinante bajo la Regla 182 de Procedimiento Criminal, *supra*, y el Art. 68(a) del Código Penal, *supra*, es simplemente **desde cuando estuvo privado de su libertad.** Ello sucede incluso en una determinación de no procesabilidad. En estos casos, el esquema discutido expone claramente que una persona no procesable está restringida de su libertad y sigue sujeta al proceso criminal. De esta forma, resulta un hecho irrefutable que el señor Méndez Pérez fue restringido de su libertad desde la determinación de causa para arresto. Por tanto, es incuestionable el

---

[19]Obviamente, continuó confinado hasta que emitimos la Resolución ordenando su excarcelación el 5 de junio de 2015.

hecho de que éste había cumplido en exceso de la sentencia impuesta y procedía su excarcelación.

VI

Por lo expuesto, estoy conforme con la Opinión Mayoritaria. Ello, porque el tiempo que se abona a la sentencia dictada contra un imputado de delito incluye el que estuvo restringido de su libertad por razón de su no procesabilidad. El hecho de si estuvo o no recluido en una institución psiquiátrica en nada afecta el tiempo que debe abonarse a su sentencia ante el tajante lenguaje de la Regla 182 de Procedimiento Criminal, *supra*, y el Art. 68(a) del Código Civil, *supra*. Ambas disposiciones, establecen sin ambages que el tiempo que una persona estuviere privada de su libertad o recluido desde su detención hasta dictada la sentencia, se descontará totalmente del término que deba cumplir dicha persona de ser sentenciada por los mismos hechos. Como consecuencia, el hecho de desconocer si en efecto el peticionario estuvo recluido o no en una institución psiquiátrica, en nada afecta la norma que hoy avala este Tribunal.


Luis F. Estrella Martínez
Juez Asociado